UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Impala Partners, LLC,

        Plaintiff,

v.                                                     Civil No. 10-3577 (JNE/JSM)
                                                     ORDER

MoneyGram International, Inc.,
and MoneyGram Payment
Systems, Inc.

        Defendants.

This case is before the Court on Defendants MoneyGram International, Inc. (MGI) and MoneyGram Payment Systems, Inc.'s motion for summary judgment or, in the alternative, judgment on the pleadings.[1] Plaintiff Impala Partners, LLC (Impala), a consulting firm, alleges that it performed a review of MGI's "cost structure and processes," and that, in exchange, MGI agreed to pay to Impala 20% of any savings realized from Impala's recommendations. Impala further claims that it performed consulting services for MGI; that MGI implemented Impala's suggestions and achieved cost-savings; and that MGI refused to pay the 20% fee to Impala. Impala asserts claims of unjust enrichment, breach of contract, breach of oral agreement, and promissory estoppel.

Impala originally brought its claims for unjust enrichment and breach of contract in the Southern District of New York on June 21, 2010. On July 16, 2010, the Honorable Richard J. Sullivan, United States District Judge, deemed a motion for failure to state a claim "made and DENIED" based on a letter to Judge Sullivan proposing a motion to dismiss in advance of a status conference. [Docket No. 10] The case was transferred to the District of Minnesota on August 17, 2010. On August 31, 2010, MoneyGram answered the complaint and brought

---

[1] The singular, "MoneyGram," when used in this Order, refers to both Defendants.

counterclaims. MoneyGram brought this motion on September 22, 2010, well before the commencement of discovery. On October 18, 2010, MoneyGram submitted a memorandum of law in support of its motion. On November 1, 2010, the Honorable Janie S. Mayeron, United States Magistrate Judge, held an initial pretrial conference to adjudicate issues raised in the parties' Joint Rule 26(f) Report. In the Joint Rule 26(f) Report, MoneyGram proposed a "phased discovery" schedule that would have limited discovery during the pendency of its motion for summary judgment to specific documents that MoneyGram believes relate to "the threshold issue of contract formation." It appears that the proposal was rejected; on November 8, 2010, the magistrate judge entered a pretrial scheduling order that did not phase discovery and that set April 15, 2011, as the deadline for the conclusion of fact discovery. The Order also outlined a procedure for handling discovery disputes.

On December 6, 2010, over MoneyGram's objection, the magistrate judge granted Impala's motion to amend the complaint. In so doing, the magistrate judge determined that amending the complaint to include promissory estoppel and oral contract claims would not be futile based on the Rule 12(b)(6) standard articulated in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007). On December 2, 2010, this Court had cancelled the hearing on MoneyGram's summary judgment motion because of the proposed amendment to the complaint. MoneyGram, by letter dated December 8, 2010, asked the Court to reschedule the motion "forthwith."[2] Hearing on the current motion was held on January 6, 2011.

MoneyGram argues that Impala's claims are foreclosed based on the "existence of an integrated, written contract among the parties concerning the same subject matter" of Impala's claims, specifically, an agreement signed by the parties in March, 2009. MoneyGram argues that

---

[2] The December 8, 2010 letter was not filed but has been docketed by the Clerk's Office.

2

the March agreement covers all of the interactions between the parties through June, 2009.  The March agreement, titled "Agreement for Preliminary Review," anticipates a "possible engagement of [Impala] to identify business process efficiencies" and calls for Impala's efforts to be "without charge or obligation."  MoneyGram argues that the only documents that could possibly be relevant to the scope of the March agreement have already been disclosed by it to Impala.  In contrast, Impala argues that the March agreement covered only its preliminary review and proposal, possibly one stage in a multi-stage agreement.  According to Impala, a March 24, 2009, PowerPoint presentation to MGI executives constituted a "Statement of Work," thus terminating the March agreement.  Impala alleges that all work after that presentation was governed either by the terms of an agreement from February 2009 written but never signed or, perhaps, by subsequent oral promises that Impala would be paid in accordance with the terms described in the February writing.  Thus, Impala argues that there is a question of fact about whether all of its work, which it claims saved MoneyGram millions of dollars, falls within the scope of the March agreement.

In the Joint Rule 26(f) Report, and again during the December 6 hearing on Plaintiff's motion to amend the complaint, MoneyGram made essentially the same argument it makes here.  The Court was able to obtain a transcript of the hearing before the magistrate judge on Impala's motion to amend the complaint, but the initial pretrial conference in which MoneyGram argued for phased discovery was not transcribed.  Based on the joint status report submitted by the parties prior to the conference, however, it is evident that MoneyGram argued for phased discovery for the same reasons that it sought to avoid amendment of the complaint and that it now seeks summary judgment without further discovery.  MoneyGram thus made the lion's share of its present argument at least once before the magistrate judge prior to arguing it before

this Court. The Court is reluctant at this point to undertake a de facto review of the magistrate's decision. To date, no objections to or appeals from magistrate judge decisions have been docketed.

Moreover, Impala has met its obligations under Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) "allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006) (describing Rule 56(f), which, effective December 1, 2010, was moved "without substantial change" to Rule 56(d)); *see also* Fed. R. Civ. P. 56(d). The party opposing judgment must state by affidavit or declaration the specific reasons that it cannot present facts essential to its opposition as well as the specific facts further discovery might uncover. *Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008) (citing *Nolan v. Thompson*, 521 F.3d 983, 986 (8th Cir. 2008). MoneyGram points to weaknesses in Impala's 56(d) showing but, on balance, the Court is persuaded that David Feuerstein's December 22, 2010, declaration meets the obligation. The Court therefore denies summary judgment to allow the parties time to continue engaging in discovery under the magistrate judge's order and supervision.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.'s Motion for Summary Judgment or, in the Alternative, Judgment on the Pleadings [Docket No. 22] is DENIED.

Dated: January 14, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Court Judge